THOMAS (MOORE v.).   See Case No. 9,776.

## Case No. 13,905.

### THOMAS v. NEWTON.

[Pet. C. C. 444.] [2]

Circuit Court, D. Pennsylvania.   April Term, 1817.

EJECTMENT—SALE PENDENTE LITE—CONFESSION OF JUDGMENT—RIGHTS OF PURCHASER—JURISDICTION.

While the ejectment was depending, the premises were sold under a mortgage and purchased by Morris, to whom the defendant for a valuable consideration delivered possession of the same; and afterwards, in fraud of his agreement with Morris, he went to the office of the clerk of the court and confessed a judgment in favour of the plaintiff in the ejectment, upon which a habere facias possessionem issued, and the land was delivered to the plaintiff.   On motion, the judgment and execution were set aside, and the cause reinstated: and the court, in order to maintain its jurisdiction, which had Morris, a citizen of Pennsylvania, the purchaser under the mortgage, been made defendant, would have been lost, ordered, that the original defendant should stand, nominally, as the defendant, and that Morris should give him security to pay the costs, &c.

[Cited in Hatfield v. Bushnell, Case No. 6,211.]

This was a rule to show cause why the judgment confessed in this suit, and the habere facias possessionem, should not be set aside, and possession be restored to the tenant of Morris, and Morris be admitted as defendant in the stead of Newton.   The

facts of the case were as follows: Pending this ejectment, the land in dispute was sold under a judgment rendered on a mortgage, and was purchased by Morris at the sheriff's sale, he being the highest bidder. The sale took place in December, 1816, and under the provisions of the law of this state, Morris gave notice to the defendant to quit in three months, which he promised to do. It was fully proved, that about the latter end of March, Morris paid the defendant fifty dollars to induce him to quit the premises without further trouble, which he did, and gave quiet possession to a tenant of Morris. After this, viz., on the 2d day of April, 1816, the defendant went to the clerk's office and confessed this judgment, upon which the habere facias possessionem issued. It was objected to this rule, that the lessor of the plaintiff has nothing to do with the transactions which have been spoken of, and not having practised himself, or been accessary to any fraud, the court will not take from him the legal advantage he has obtained. That Morris being, as well as the lessor of the plaintiff, a citizen of Pennsylvania, the court will not allow him to be made a defendant, instead of Newton, who is an alien, so as to take away the jurisdiction. At all events, this court can issue no process for dispossessing the lessor.

WASHINGTON, Circuit Justice. That the defendant has attempted to practise a gross fraud in this case, is incontestable, nor can it be denied but that Morris is entitled to redress. The difficulty consists in providing the proper remedy. After the defendant had delivered up possession to Morris, and that too for a valuable consideration, he had no power to confess judgment; it was a fraud which no court will suffer to prevail. The obvious remedy is to set aside the judgment and the execution, and to order possession to be re-delivered to the person, who, under the process thus improvidently issued was turned out; which if disobeyed, such disobedience will be punished as a contempt, or a writ of restitution may be awarded. But the difficulty is as to retaining the cause on the docket in the name of Newton, who is desirous to withdraw from the defence, and will be liable to the costs. For the court can by no means permit the name of Morris to be substituted for that of Newton, which would enable the new defendant to oust the jurisdiction which had once attached. But, as an ejectment is a fictitious action, and can be so moulded by the court as to further the ends of justice, and as Newton is the last person who has any right to complain of the restraint imposed upon him, not to confess judgment so as to defeat the right of Morris; the court will not permit him to do so, but they will at the same time direct Morris to give security to indemnify Newton against the future cost of the suit, and they will merely

restore the cause to the situation. in which it was at the time the judgment was confessed. Rule made absolute.